IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA WEBB, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:08-CV-234-A |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Barbara Webb, TDCJ #335682, is a state prisoner who was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas, at the time of the filing of this petition. Webb is no longer confined.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. PROCEDURAL HISTORY

Webb was serving a life sentence as a habitual offender following her 1982 state conviction for credit card abuse in the 297th District Court of Tarrant County, Texas, No. 28970. (Resp't Motion to Dismiss, Exhibit A) The Texas Board of Pardons and Paroles (BOP) denied Webb release to parole on various occasions. (*Id.*, Exhibit D) In this petition, Webb challenges the BOP's calculation of her time credits and denial of her release to parole and annual parole reviews. (Petition at 7-8) She filed one relevant state application for writ of habeas corpus, raising one or more of the claims presented, which was dismissed without written order by the Texas Court of Criminal Appeals on September 12, 2007. *Ex parte Webb*, Application No. WR-33,202-12, at cover. Webb filed this federal petition for habeas relief on April 7, 2008.[1] Webb was released to parole on January 20, 2009. Webb has not notified the Court of her current address, and her whereabouts are unknown.

## D. RULE 5 STATEMENT

Quarterman believes Webb has exhausted her state remedies as required by 28 U.S.C. § 2254(b) but asserts Webb's petition is time-barred. (Resp't Motion to Dismiss at 4)

## E. DISCUSSION

Webb's claims are now moot in that she was in fact released to parole. Because this court can no longer provide her with the relief he seeks, dismissal of this petition is appropriate as moot.

---

[1] A pro se habeas petition is generally deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Webb did not, however, indicate on the petition the specific date in April 2008 she placed the document in the prison mailing system. Thus, she is not given the benefit of this rule

*See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II.  RECOMMENDATION

Webb's petition for writ of habeas corpus should be DISMISSED as moot.  All motions not previously ruled upon are denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 24, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 24, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 3, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE